UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SHEILA DAVALLOO,

                Petitioner,

v.

SABINA KAPLAN, Superintendent, Bedford
Hills Correctional Facility,

                Respondent.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

16 CV 9342 (VB)



Briccetti, J.:

    Pending before the Court is Magistrate Judge Davison's Report and Recommendation ("R&R"), dated December 20, 2017, on respondent's motion to dismiss Sheila Davalloo's pro se petition for a writ of habeas corpus. (Doc. #21).

    Familiarity with the factual and procedural background of this case is presumed; the Court recites only those facts necessary for the resolution of petitioner's objections.

    On February 19, 2004, after a bench trial, petitioner was convicted in Supreme Court, Westchester County, of second degree attempted murder, first degree assault, and fourth degree criminal possession of a weapon. On April 20, 2004, petitioner was sentenced to a determinate term of 25 years' imprisonment on the attempted murder and assault charges, and a concurrent definite term of one year imprisonment on the possession of a weapon charge. On April 3, 2007, the Appellate Division, Second Department, affirmed the conviction. People v. Davalloo, 39 A.D.3d 559 (2d Dep't 2007). On July 26, 2007, the Court of Appeals denied leave to appeal. People v. Davalloo, 9 N.Y.3d 864 (2007). Petitioner did not seek a writ of certiorari to the United States Supreme Court.

On October 28, 2008, petitioner filed a motion to vacate her conviction in Supreme Court, Westchester County, pursuant to N.Y. C.P.L. § 440.10. The court denied her motion on February 27, 2009. Petitioner did not seek leave to appeal.

On November 17, 2014, petitioner filed a second motion to vacate her conviction in Supreme Court, Westchester County, pursuant to Section 440.10. Petitioner asserts her second 440.10 motion was based on evidence she discovered during a separate trial in Connecticut, in which she was convicted of first degree murder in February 2012 and sentenced on April 27, 2012, to 50 years' imprisonment to run consecutively to her New York sentence. The state court denied the second 440.10 motion on March 20, 2015; the Appellate Division denied leave to appeal on July 24, 2015; and the Court of Appeals dismissed petitioner's application seeking review on or about November 27, 2015.

On November 24, 2016, petitioner filed the instant petition for a writ of habeas corpus. On March 13, 2017, this Court ordered petitioner to show cause why the petition should not be denied as time-barred. In that order, petitioner was advised, among other things, to "allege any facts that show that she has been pursuing her rights diligently and that some extraordinary circumstance prevented her from timely submitting [her] petition." (Doc. #8). In response to the order to show cause, petitioner asserted the petition was timely because it was based on evidence to which she was first given access in her 2012 Connecticut trial. (Doc. #9).

On August 14, 2017, respondent moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d). (Docs. ##15, 20). Petitioner opposed the motion by letter dated September 4, 2017. (Doc. #18).

In his R&R, Judge Davison held that even if April 27, 2012—the date of petitioner's sentencing in the Connecticut case—was "the date on which the factual predicate of the claim or

claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), "the instant habeas petition became time-barred as of April 28, 2013, unless the one-year statute of limitations was tolled by equitable considerations." (R&R at 10). As plaintiff had not argued that she was entitled to or proffered any basis for the application of equitable tolling or an equitable exception based upon a claim of actual innocence, Judge Davison concluded the petition was time-barred and recommended granting respondent's motion to dismiss the habeas petition as untimely.

The Court agrees with Judge Davison's recommendation. Accordingly, the R&R is adopted as the opinion of the Court, and the petition is DISMISSED as untimely.

**DISCUSSION**

I. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews those parts of the report and recommendation objected to under a de novo standard of review. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv.,

Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The district court is discouraged from entertaining new legal arguments which are made for the first time in objections. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Because petitioner is proceeding pro se, the Court "will 'read [her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

II. Objections

Petitioner timely objected to the R&R (Doc. #22), and, after respondent filed a response (Doc. #25), petitioner filed a reply (Doc. # 26). The Court has carefully reviewed the R&R, petitioner's objections, the response to the objections, petitioner's reply thereto, and the underlying record de novo. Having done so, the Court finds no error in Judge Davison's thorough and well-reasoned R&R.

Petitioner seems to argue, for the first time, that the period between the close of her Connecticut trial and September 18, 2014, should be equitably tolled because she did not have access to her Connecticut discovery materials during that time. In addition, under petitioner's theory, the statute of limitations was tolled between September 18, 2014, and November 27, 2015—the date on which the Court of Appeals dismissed her application seeking review of the denial of her second 440.10 motion to vacate—pursuant to 28 U.S.C. § 2244(d)(2).

Respondent argues petitioner is barred from asserting an equitable tolling argument for the first time in her objections.

The Second Circuit has not yet decided whether a party may raise a new legal argument for the first time in objections to a magistrate judge's report and recommendation. See Levy v. Young Adult Inst., Inc., 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015). "Some courts in this circuit

have stated, as a general matter, that 'a party waives any arguments not presented to the magistrate judge.'" Id. (quoting Watson v. Geithner, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).[1] Other courts have applied a multi-factor test to determine whether to review new arguments. Id.

Here, the Court need not determine whether petitioner waived her equitable tolling argument because, even assuming the Court can consider petitioner's argument, it fails.

Equitable tolling of the one-year statute of limitations is warranted if petitioner has shown (i) she pursued her rights with "reasonable diligence" and (ii) "some extraordinary circumstance . . . prevented timely filing." Holland v. Florida, 560 U.S. 631, 649, 653 (2010) (internal citations omitted). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011). "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." Id.

Petitioner has failed to show extraordinary circumstances prevented her from timely filing her habeas petition. Petitioner did not need her Connecticut discovery materials, including transcripts that reflected events for which she was present, to bring her second 440.10 motion to vacate. Indeed, the state court noted in its Decision and Order denying petitioner's second 440.10 motion that her claims were "vastly duplicative" of her first 440.10 motion, which she filed in 2008. (Resp. Ex. 10 at 7–8).

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d. Cir. 2009).

Petitioner also argues she still does not have access to audio tapes used in her trials, and therefore the limitations period has yet to run on a habeas petition based on those tapes. This argument is unavailing for the same reason. Petitioner was present for the recorded events and also when the tapes were played at her trials.

Petitioner's remaining objections, including her objection that a certificate of appealability should be issued and as to the R&R as a whole, have no basis in the record and rest on conclusory statements which do not specifically address the R&R.

In short, petitioner's objections are entirely without merit.

## CONCLUSION

The R&R is adopted as the opinion of the Court for the reasons stated herein. Accordingly, the motion to dismiss is GRANTED and the petition is DISMISSED.

The Clerk is instructed to (i) terminate the motion (Doc. #20), (ii) enter judgment accordingly, and (iii) close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d. Cir. 2005).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: July 5, 2018
White Plains, NY

SO ORDERED:

_Vincent L. Briccetti_
Vincent L. Briccetti
United States District Judge

6