```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SHEILA DAVALLOO,                                 :
                    Petitioner,                  :
                                                 :     MEMORANDUM OPINION
v.                                               :     AND ORDER
                                                 :
SABINA KAPLAN, Superintendent, Bedford           :     16 CV 9342 (VB)
Hills Correctional Facility,                     :
                    Respondent.                  :
--------------------------------------------------------------x
```

Briccetti, J.:

On November 24, 2016, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. #1). On December 20, 2017, Magistrate Judge Paul E. Davison issued a Report and Recommendation ("R&R") recommending the Court grant respondent's motion to dismiss the habeas petition as untimely. (Doc. #21). On July 5, 2018, the Court did so over petitioner's objections. The Second Circuit subsequently dismissed petitioner's appeal (Doc. #31), and the Supreme Court declined to issue petitioner a writ of certiorari.

On March 5, 2019, petitioner moved for relief from final judgment pursuant to Fed. R. Civ. P. 60(b). (Docs. ##32, 33).

For the following reasons, petitioner's motion is DENIED.

## DISCUSSION

Rule 60(b) enumerates grounds for relief from a final judgment, order, or proceeding. "[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). A motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a

1

claim on the merits" must be raised in a successive habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original).

> [A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b).

Harris v. United States, 367 F.3d at 77 (internal quotations omitted and emphasis removed).

Petitioner's Rule 60(b) motion does not challenge the integrity of her habeas proceeding. Rather, petitioner brings a new claim for relief. Specifically, petitioner, relying on Martinez v. Ryan, 566 U.S. 1 (2012), argues she lacked a meaningful opportunity to litigate constitutional challenges to her conviction because of the piecemeal review of her ineffective assistance of counsel claims in different forums. "Given the opportunity to raise these issues earlier," petitioner cannot now "add a new ground for relief and use Rule 60(b) to circumvent the requirements of the AEDPA." United States v. Spigelman, 2017 WL 2275022, at *4 (S.D.N.Y. May 24, 2017) (internal quotation omitted).[1]

To the extent petitioner argues her motion is based on a "new rule of constitutional law," 28 U.S.C. § 2244, Martinez v. Ryan was decided in 2012, long before petitioner filed her habeas petition in 2016. Moreover, petitioner has not cited any progeny of Martinez v. Ryan decided since her habeas petition that would constitute a new rule of constitutional law.

Accordingly, petitioner's motion is beyond the scope of Rule 60(b).

---

[1] Petitioner will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

## CONCLUSION

Petitioner's motion for relief from final judgment is DENIED.

The Clerk is instructed to terminate the motion. (Docs. ##32, 33).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: October 18, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge